IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case Nos. | CR-03-147-E-BLW |
| | ) | | CV-04-574-E-BLW |
| v. | ) | | |
| | ) | **MEMORANDUM DECISION** | |
| RAMSES SOTO-PALUFUX, | ) | **AND ORDER** | |
| aka Francisco Rodriguez, | ) | | |
| aka Juan Soto-Palafux, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| _____ | ) | | |

Pending before the Court is Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Docket No. 14) to which the Government has filed a Response (Docket No. 18).

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the Accordingly, the Court enters the following Order.

**Memorandum Decision and Order - 1**

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Claims

Pursuant to a plea agreement, Defendant pled guilty to one count of
retaliation against a witness under 18 U.S.C.  1513(b) and was sentenced to a term
of imprisonment of 36 months.  Docket No. 13.  Defendant did not appeal his
conviction or sentence.  However, he timely filed the pending § 2255 Motion
alleging (1) that the Attorney General could have offered up to a two-level
reduction in offense level for stipulation to deportation pursuant to a Memorandum
dated April 28, 1995; and (2) that his status as a deportable alien unable to take
advantage of certain programs offered by the Bureau of Prisons entitled him to a
downward departure.

The Government contends that Defendant waived his right to collaterally
attack his sentence and/or is procedurally barred from doing so.

### B.    Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court
may grant relief to a federal prisoner who challenges the imposition or length of his
or her incarceration: (1) "that the sentence was imposed in violation of the
Constitution or laws of the United States;" (2) "that the court was without
jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

**Memorandum Decision and Order - 2**

maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by the Government, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18

**Memorandum Decision and Order - 3**

F.3d 778, 781 (9th Cir. 1994).  However, where, assuming the truth of the specific

factual allegations when viewed against the record, Defendant states a claim upon

which relief could be granted, an evidentiary hearing is required to resolve the

factual dispute before the Court can make a determination on the merits.  *See*

*United States v. Leonti*, 326 F.3d 1111, 1116 (2003).

     C.     **Discussion**

     1.     **Waiver**

A defendant may waive his statutory right to file a § 2255 motion

challenging his sentence.  *United States v.Abarca*, 985 F.2d 1012, 1014 (9th Cir.),

*cert. denied*, 508 U.S. 979 (1993).  However, a plea agreement must expressly state

that the right to bring a § 2255 motion is waived in order for the waiver to be valid.

*United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea

agreement that "he will not appeal whatever sentence is imposed by the court" did

not constitute a waiver of the right to bring a § 2255 motion).  Nevertheless, even

an express waiver may not bar an ineffective assistance of counsel claim

challenging the knowing and voluntary nature of the plea agreement or the

voluntariness of the waiver itself.  *United States v. Jeronimo*, 398 F.3d 1149, 1156

n.4 (9th Cir. 2005).

The Plea Agreement here provided in relevant part:

**Memorandum Decision and Order - 4**

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge his sentence through a habeas petition such as a motion pursuant to 28 U.S.C. .§ 2255.  Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily gives up (waives) his right to contest his pleas, conviction, or sentence in any post-conviction proceeding, including any proceeding authorized by 28 U.S.C. § 2255, except as to an appeal claiming ineffective assistance of counsel based on facts discovered <u>after</u> the entry of defendant's guilty pleas.

Plea Agreement (Docket No. 8), ¶ III, p.5.  This provision constitutes an express and unambiguous waiver of  the right to bring a § 2255 motion.  The record indicates that Defendant entered into the Plea Agreement knowingly and voluntarily.  He does not allege otherwise.  Nor does he allege ineffective assistance of counsel.  Accordingly, Defendant's § 2255 Motion is subject to dismissal on the ground of waiver.

### 2.    Procedural Default

A defendant is barred or procedurally defaulted from pursuing a claim in a § 2255 motion that he did not raise at the trial or on direct appeal unless he shows sufficient cause for that default and resulting prejudice.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  Defendant here did not raise the sentencing issues now advanced before either the district court or on direct appeal.  Even if he were able to demonstrate cause for his failure to do so, he could not demonstrate prejudice.

**Memorandum Decision and Order - 5**

Neither stipulation to deportation nor his deportable status would have provided grounds for a downward departure.

### a.      Stipulation to Deportation

The Court assumes that Defendant is referring to a policy of the Attorney General that predated the departure set forth in U.S.S.G. § 5K3.1which became effective October 27, 2003.[1]  The early disposition programs referred to in § 5K3.1 are otherwise commonly known as "fast track" programs.  The Attorney General's policy requires that certain criteria be met for a fast track program to be approved, including that the court have an exceptionally large number of a specific class of offenses, the specific class of cases is comprised of highly repetitive and similar fact scenarios, and the cases do not involve a crime of violence.  *See* U.S. Sentencing Commission, Report to the Congress: Downward Departures from the Federal Sentencing Guidelines (Oct. 2003) at 15-16.

The District of Idaho's fast track program provides for a 2-level departure for stipulation to deportation and is generally applied in illegal reentry cases pursuant to 8 U.S.C. § 1326.  Defendant pled guilty to retaliation of a witness, a case which would not fall within a class of cases meeting the Attorney General's

---

[1] § 5K31.  *Upon motion of the Government*, the court may depart downward not more than 4 levels pursuant to any early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides. (Emphasis added.)

**Memorandum Decision and Order - 6**

criteria.  More importantly, however, the Government did not move for a § 5K3.1

departure.  Therefore, by the clear terms of the guideline, the Court would not have

had the discretion or authority to grant a departure even if Defendant stipulated to

deportation.

### b.    Deportable Status

Defendant alleges that he is entitled to a departure because he is not entitled

to certain prison programs that are available to citizen inmates.  Defendant

specifically refers to drug programs, better paying jobs, and housing in a minimum

security facility, community correction center, or half-way house prior to release.

He also challenges the policy of the Bureau of Prisons to exclude deportable aliens

from such programs on equal protection and due process grounds alleging that

deportable aliens' sentences are harsher than those of citizen inmates.

The Ninth Circuit has recognized that a defendant's status as a deportable

alien depriving him of certain Bureau of Prisons' programs can be a basis for

downward departure, but only if the district court finds that this factor takes the

case outside of the heartland.  *United States v. Cubillos*, 91 F.3d 1342, 1344 (9th

Cir. 1996) (noting that BOP has determined that a prisoner's deportable status is a

public safety factor requiring increased safety measures, and that deportable aliens

will be released to the custody of the Attorney General rather than back into the

**Memorandum Decision and Order - 7**

community).  It also recognized the caution articulated in *Koon* that departures

based on grounds not recognized in the Guidelines should be very rare.  *Id.* at 1345

(quoting *Koon v. United States*, 518 U.S. 81, 96 (1996)).  *See also United States v.*

*Davoudi*, 172 F.3d 1130, 1133-34 (9th Cir. 1999) ( relying on *Cubillos* in

upholding district court's refusal to depart on basis of deportable alien status that

precluded his eligibility for a period of home confinement at the end of his

sentence).

Stated another way, deportable status is relevant as a sentencing factor only

insofar as it leads to conditions of confinement, or other incidents of punishment,

that are *substantially more severe* than those the framers of the Guidelines

contemplated when establishing the sentencing range for the offense for which a

defendant is convicted.  *See United States v. Guzman*, 236 F.3d 830, 834 (7th Cir.

2001).  *See also United States v. Meza-Urtado*, 351 F.3d 301, 305 (7th Cir. 2003)

(finding that departures based *merely* on deportable status are not authorized

because denying end-of-sentence modifications to deportable aliens cannot be

viewed as resulting in a "substantially more onerous" term of imprisonment than

contemplated by the Guidelines).

Defendant here has not alleged any facts that would have taken his case out

of the heartland justifying a departure.  Rather, he has filed a pro forma, fill-in-the-

**Memorandum Decision and Order - 8**

blanks motion similar to those filed by other inmates in this Court in the past and completely lacking any substantiating facts.

Defendant's bare allegations of due process and equal protection violations likewise are devoid of any substantiating facts and are merely conclusory statements insufficient to justify relief.  He does not identify the specific programs to which he refers or that he would have been otherwise eligible for them.  The Court assumes that Defendant is referring, in part, to drug treatment programs established by the BOP pursuant to 18 U.S.C. § 3621(e), including a residential treatment programs with an early release component.  These programs have been consistently upheld in the face of due process and equal protection challenges.  *See generally McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999), *cert denied* 528 U.S. 1086 (2000).

## CONCLUSION

Defendant's § 2255 Motion will be dismissed because (1) he has waived his right to pursue a § 2255 challenge to the length of his, (2) he failed to raise the sentencing issues before this Court at the trial stage or on direct appeal, and (3) his claims fail on the merits.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion

**Memorandum Decision and Order - 9**

for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255

(Docket No. 14) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-04-574-E-BLW

is DISMISSED with prejudice in its entirety.

DATED:  **May 9, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 10**